UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILLY EUGENE BRADY,<br><br>               Plaintiff,<br><br>v.<br><br>JOHANNA SMITH, JAY CHRISTENSEN, LT. L. PENEKU, SGT. RICH'ARD, LT. SOTO, CPL. B. CHRISTON, SGT. FULLER, MARTY THOMAS, TERRY KNAPP, and PAUL BJOURN,<br><br>               Defendants. | Case No. 1:09-cv-00457-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this prisoner civil rights matter are Defendants' Motion to Dismiss (Dkt. 16) and Plaintiff's Motion for Summary Judgment (Dkt. 18). The parties have adequately presented the facts and legal arguments in their written briefing, and the Court finds that oral argument will not be necessary before resolving these matters. D. Idaho L. Civil R. 7.1(d).

For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss and deny Plaintiff's Motion for Summary Judgment. This case will be dismissed.

## BACKGROUND

In early July 2008, Plaintiff was an inmate worker at the Correctional Industries

**MEMORANDUM DECISION AND ORDER - 1**

(CI) shop at the Idaho State Correctional Institution (ISCI). According to Plaintiff, at about 2:00 p.m. on July 11, a Friday, another inmate informed Plaintiff and other employees that Defendant Bjourn, their supervisor, had told him that they would not be paid as scheduled. Plaintiff contends that Bjourn told the employees to go home and that he would see them on Monday.

When the employees returned the following Monday, they gathered for a meeting with another CI supervisor. Plaintiff alleges that supervisor explained why the inmates did not get paid and confirmed that he was aware that Bjourn had sent them home the previous Friday.

On July 18, 2008, Plaintiff was issued a Disciplinary Offense Report (DOR) for a "work stoppage," but the DOR was then dismissed. One week later, Plaintiff was given a new DOR and was terminated from his job at CI.

Plaintiff requested that a staff member be assigned to assist him at the subsequent DOR hearing, and he asked for a continuance so that certain witnesses could be presented on his behalf, but those requests were denied by the disciplinary hearing officer, B. Christon. Christon found Plaintiff guilty, but dropped the charge from a Class A to a Class C infraction. Plaintiff was given five days of disciplinary segregation, but that time was suspended, in addition to gym/yard restrictions for thirty days and to twenty hours of extra duty.

Plaintiff appealed the finding, arguing that his procedural rights were violated at

the DOR hearing and that he was not guilty of the charge. In particular, he asserted that Bjourn authorized him to leave work early, and he supplied a copy of Bjourn's response to an Offender Concern Form in which Bjourn confirmed that Plaintiff never left work early without checking in his tools and that he "usually notified" Bjourn before he left. His appeal was denied.

In his First Amended Complaint, Plaintiff contended that (1) he was deprived of his rights to due process and equal protection of the law under the Fifth and Fourteenth Amendments in the DOR proceeding, and (2) that Defendants violated the terms of the *Balla* "Compliance Plans," which are based on injunctive relief adopted by the Court to remedy constitutional violations at ISCI in *Balla v. State of Idaho*, 81-1165-S-BLW. The Court conducted an initial review of the Complaint under 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed with a due process claim, but the Court dismissed the equal protection claim and the claim based on violations of the *Balla* compliance plans. (Dkt. 11, p. 4.)

Defendants have now filed a Motion to Dismiss, and Plaintiff has filed a Motion for Summary Judgment. The Court has reviewed these matters and is prepared to issue its ruling.

## MOTION TO DISMISS

1. **Standard of Law**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the court must accept as true all allegations of material fact, and it will construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). The court may not consider any material beyond the pleadings, but may review material that is properly submitted as part of the complaint without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

To avoid dismissal,"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" rather than merely raising a possibility that the defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead facts that would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and a court is not required to accept as true a plaintiff's legal conclusions, bare assertions, or conclusory allegations. *Id*. at 1949–51.

### 2. Discussion

The claim that has survived the Court's initial review is based on Plaintiff's allegation that he was deprived of constitutional due process of law during an allegedly unfair prison disciplinary process. (Dkt. 11, p. 4.) Defendants have now persuaded the Court that Plaintiff has not stated a claim on which relief may be granted in this proceeding.

**MEMORANDUM DECISION AND ORDER - 4**

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974). A prisoner asserting a due process claim based on defects in the prison's disciplinary process must show that he has been subjected to an "atypical and significant hardship ... in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In other words, in the absence of punishment that goes significantly beyond the normal restraints on liberty that are inherent in day-to-day prison life, a prisoner cannot be said to have been deprived of the type of interest that would concern the Due Process Clause. *See id*.

In this case, Plaintiff was sentenced to five days of disciplinary segregation (suspended), gym and yard restrictions for thirty days, and to twenty hours of extra duty. (Dkt. 8, p. 11, ¶ 28; Dkt. 8-1, p.1.) These punishments were not atypical and significant hardships in relation to the ordinary incidents of prison life as a matter of law, *see Sandin*, 515 U.S. at 475-76 (thirty days of segregation not atypical), and Plaintiff was not deprived of a liberty interest that would offer him additional protection under the Due Process Clause. Without such an interest at stake, Plaintiff does not have a federal claim that he was deprived of various procedural rights before and during the DOR hearing.

The Ninth Circuit has also held that a due process claim may still exist if a prison's disciplinary punishment is not supported by at least "some evidence," regardless whether

**MEMORANDUM DECISION AND ORDER - 5**

the prisoner can satisfy the *Sandin* test. *See Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (citing *Superintendent v. Hill*, 472 U.S. 445 (1985)). The allegations in Plaintiff's First Amended Complaint and the material that Plaintiff has attached to his pleading establish that "some evidence" supported his disciplinary offense conviction.

The offense is described in the DOR as follows:

> An investigation has revealed that Brady #32459 was one of the lead organizers of an unauthorized work stoppage that occurred at Correctional Industries. Offender Brady held an unauthorized meeting in one of the shops. The meeting was over a false report that the offenders were not going to be paid. Offender Brady then rallied other offenders to stop working. This work stoppage interrupted the production of Correctional Industries. This incident required the reporting of a major incident to the Division of Prisons and placed ISCI on a heightened security alert.

(Dkt. 8-2, p. 13.)

During Plaintiff's administrative appeal, Disciplinary Hearing Officer Christon noted that he had based his finding of guilt on the DOR report from Plaintiff's Correctional Industries supervisor and on a time sheet from the relevant day. (Dkt. 8-2, pp. 22-23.) Christon indicated that Supervisor Bjourn's subsequent response to Plaintiff's written concern form established only that Plaintiff "usually notified" him before Plaintiff left work, but this response did not prove that Plaintiff had permission to leave on the day of the work stoppage or that he did not cause a work disruption as alleged. (Dkt. 8-2, pp. 22-23.) The Warden affirmed Christon's decision. (Dkt. 8-2, p. 7.)

This DOR finding was reasonably supported by the evidence. Though Plaintiff has

provided alternative reasons for his early departure from work, and he has offered witness statements here in support of his argument as to why he should not have been found guilty, this Court's review is limited only to whether there is *any* evidence that supports the prison's punishment. *See Hill*, 472 U.S. at 455-56. In *Hill*, the Supreme Court held that the testimony and report of one prison guard, no matter how meager it may have been, constituted some evidence. *Id*. at 456. A civil rights lawsuit is not an appropriate forum in which to reweigh conflicting evidence or to reassess the credibility of witnesses in a prison disciplinary proceeding.

Accordingly, the Court concludes that Plaintiff has failed to state a claim on which relief may be granted. Because the Complaint must be dismissed on that basis, Plaintiff's Motion for Summary Judgment will be denied.

## ORDER

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 16) is GRANTED.
2. Plaintiff's Motion for Summary Judgment (Dkt. 18) is DENIED.

DATED: **June 7, 2011**

Honorable Edward J. Lodge
U. S. District Judge